UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUN COAST RESOURCES, INC. | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ROY CONRAD, Individually and On Behalf of All Others Similarly Situated, | § § | |

**SUN COAST RESOURCES, INC.'S ORIGINAL APPLICATION TO
<u>VACATE OR MODIFY CLAUSE CONSTRUCTION AWARD</u>**

Sun Coast Resources, Inc. ("Sun Coast"), Applicant, files its Original Application to Vacate or Modify Clause Construction Award, and for cause would show unto the Court the following:

**I.
<u>PARTIES</u>**

1. Applicant, Sun Coast, is a Texas corporation.

2. Respondent, Roy Conrad ("Conrad") is a citizen of Texas and resides in Rosenberg, Texas. He may be served with process by the marshal of the Southern District of Texas, where he may be found.

**II.
<u>JURISDICTION</u>**

3. Venue is proper in this Court pursuant to 9 U.S.C. §§10, 11.  This Court has subject matter jurisdiction, pursuant to 9 U.S.C. §9 (the Federal Arbitration Act or "FAA"), to grant all relief requested by Sun Coast.

**III.
<u>FACTUAL BACKGROUND</u>**

4. Sun Coast is in the business of selling and transporting diesel fuel, gasoline, and

other refined oil products in multiple states. Conrad was employed by Sun Coast as a frac driver.

5. On November 22, 2013, Conrad and Sun Coast entered into a Mediation and Arbitration Agreement ("Agreement"). *See* Exhibit A. The Agreement applied to certain disputes arising out of Conrad's employment. *Id.* In the Agreement, Conrad agreed that any controversy or claim arising out of or relating to *his* employment relationship with Sun Coast or the termination of that relationship must be submitted for non-binding mediation before a third-party neutral mediator and, if necessary, for final and binding resolution by a private and impartial arbitrator, to be jointly selected by him and Sun Coast. *Id.*

6. On March 13, 2017, after mediation, Conrad filed an Original Complaint Collective Action with the American Arbitration Association ("AAA") commencing the arbitration styled *Roy Conrad, Individually and On Behalf of All Others Similarly Situated, Claimant, v. Sun Coast Resources, Inc., Respondent*; Case No. 01-17-0001-5075 (the "Arbitration"). *See* Exhibit B.

7. In the Arbitration, Conrad and the current and former employees he seeks to represent allege that Sun Coast's reimbursement for the cost of meals when Sun Coast's employees were traveling on Sun Coast's behalf (a per diem of $35) should be included in the regular rate of pay. Specifically, the issue is whether the per diem of $35 reasonably approximates the expenses incurred. If it does, then the payment is considered a reimbursement for expenses (not compensation for hours worked) and is not included as part of the regular rate.

8. On April 24, 2017, Sun Coast filed its Original Response and Objection to Claimant Roy Conrad's Original Complaint Collective Action. *See* Exhibit C. Sun Coast objected to the Arbitration being a collective action under the FLSA principally based on the fact that the Agreement is silent on the issue. *Id.*

9.      On July 27, 2017, Conrad filed his Motion for Clause Construction Determination to permit collective action. *See* Exhibit D. On August 14, 2017, Sun Coast filed its Response in Opposition. *See* Exhibit E. On August 16, 2017, Conrad filed a Reply.

10.     On September 11, 2017, Arbitrator Crane issued his Clause Construction Award finding that because Sun Coast did not specifically **exclude** collective action proceedings, it must have intended to allow for such class actions under the Agreement. *See* Exhibit F. Sun Coast now applies to this Court to vacate the Award, as permitted by the parties' agreement.

## IV.
## APPLICATION TO VACATE

11.     Sun Coast restates and incorporates the factual allegations set forth in Paragraphs 4 through 10 above.

**A.     THE FEDERAL ARBITRATION ACT**

12.     The FAA reflects the fundamental principle that arbitration is a matter of contract. The FAA's purpose is to ensure that private arbitration agreements are enforced according to their terms. Courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms, which may include limiting the issues subject to arbitration.

**B.     VACATING AN ARBITRATION AWARD**

13.     Under Section 10(a) of the FAA, the court may make an order vacating the award in the following four circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

14. The fourth exception derives its force from the general rule that an arbitrator's powers are dependent on the provisions under which the arbitrators were appointed. Arbitrators exceed those powers when they act contrary to express contractual provisions.

## C. THE ARBITRATOR EXCEEDED HIS AUTHORITY BY IMPOSING A COLLECTIVE ACTION WITHOUT ANY CONTRACTUAL BASIS.

15. Collective action arbitration is a matter of consent: an arbitrator may employ collective action procedures only if the parties have authorized them. Without a contractual or other legal basis for collective action arbitration, an arbitrator has no authority to order the parties to submit to collective action arbitration. An arbitrator cannot infer intent of a party to authorize collective action arbitration by reasoning that silence on the subject in an arbitration agreement requires an interpretation that the party specifically authorized it. Here, the arbitrator ignored both the Agreement and the legal authority that declares that where the right to class arbitration is not found in the arbitration agreement, there is no right to class arbitration.

16. A collective action is prohibited where authorization is absent from the agreement. Absent an agreement of the parties allowing for collective action arbitration, there is no basis to compel a party to collective action arbitration.

17. An implicit agreement to authorize class-action arbitration is not a term that the arbitrator may infer solely from the fact of the parties agreed to arbitrate all of the individual employee's claims. Further, the significant disadvantages in collective action arbitration give compelling reasons to doubt Sun Coast's deliberative consent to agree to collective arbitration.

18. The terms "collective" and "class" are completely absent from the Agreement. (Those terms could have been inserted had Sun Coast's intent had been to do so.) The Agreement is **not** ambiguous, and is also silent on whether an individual claimant can assert claims on behalf of other employees in a collective action arbitration. Significantly, there are no

4

references to employee groups, putative class members, or other employees' claims or disputes. That there is simply no contractual language, express or implied, that authorizes collective action arbitration speaks volumes regarding Sun Coast's intention not to authorize such proceedings.

19. The breadth of claims that an individual may assert in an arbitration clause does not support collective arbitration. The use of general terms is insufficient to infer that the parties agreed to authorize collective action arbitration; and these types of clauses are not a valid, legal contractual basis upon which to conclude that the parties agreed to submit to class arbitration. Manifestly, the arbitrator exceeded his power under §10(a)(4) of the FAA by imposing collective action procedures without basing the decision on authorizing language in the arbitration agreement itself. Only by looking outside the arbitration language is such a result possible.

20. The absence of prohibiting language cannot support collective action arbitration. The parties must agree to authorize class arbitration, not merely fail to bar such a proceeding. At most, the Agreement could support a finding that the parties did not preclude class arbitration, but this is not enough. To rule that exclusionary language must be present to preclude class arbitration is to rule that *every possible claim not explicitly excluded is authorized to be arbitrated.* There would be no end to the claims and forums that could be asserted following this line of interpretation.

21. The plain language and context of the Agreement repeatedly demonstrates that the parties' intent was to arbitrate *only* on an individual bilateral basis. Further, the lack of even a reference to collective arbitration in the Agreement supports a construction that only contemplates bilateral arbitration.

22. Under the FAA, the Agreement must be enforced according to its actual terms, not terms that do not exist and were not agreed to by the parties. The Agreement lacks any

contractual basis for ordering collective action procedures. Thus, the arbitrator exceeded his power under § 10(a)(4) of the FAA by going outside the language of the arbitration agreement and imposing collective action procedures without basing the decision on authorizing language in the arbitration agreement itself; the Clause Construction Award should be vacated.

## V.
## PRAYER

Wherefore, premises considered, Sun Coast Resources, Inc., requests that the Clause Construction Award on September 11, 2017 in American Arbitration Association Case No. 01-17-0001-5075 styled *Roy Conrad, Individually and On Behalf of All Others Similarly Situated, Claimant, v. Sun Coast Resources, Inc., Respondent*; be vacated for the reasons set forth herein and that this matter be remanded to the American Arbitration Association arbitration so the arbitration should proceed on an individual basis.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Cristina Portela Solomon*
CRISTINA PORTELA SOLOMON
Texas Bar No. 16143400
csolomon@gardere.com
JASON SHARP
Texas Bar No. 24039170
jsharp@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

ATTORNEYS FOR RESPONDENT
SUN COAST RESOURCES, INC

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on this the 11th day of October, 2017, to:

ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
SHELLIST, LAZARZ, SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile (713) 621-0993
ATTORNEYS FOR CLAIMANT
& CLASS MEMBERS

*/s/ Cristina Portela Solomon*
Cristina Portela Solomon