# EXHIBIT B

| | |
|---|---|
| ROY CONRAD, Individually and On Behalf of All Others Similarly Situated,<br><br>Claimant,<br><br>V.<br><br>SUN COAST RESOURCES, INC.,<br><br>Respondent. | AMERICAN ARBITRATION ASSOCIATION<br><br>CASE NO. _____ |

## CLAIMANT'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION

### SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Claimant Roy Conrad and the employees he seeks to represent ("Class Members"), are current and former hourly paid fuel techs and drivers employed by Respondent Sun Coast Resources, Inc.("Respondent" or "Sun Coast") during any work week three years prior to the time notice is issued to the present.

3. This case implicates Respondent's longstanding policy of knowingly and deliberately failing to compensate Claimant and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Respondent violated the FLSA in the following manners:

      a.    Respondent paid Claimant and Class Members at a reduced and incorrect overtime rate. That is, Respondent failed to take into account all remunerations when calculating the regular hourly and overtime rates.

5. Consequently, Respondent's compensation policy violates the FLSA's mandate that non-exempt employees, such as Claimant and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Claimant seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Claimant also prays that the class of similarly situated hourly-paid fuel techs and drivers be notified of the pendency of this action and appraised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## PARTIES

8. Claimant Roy Conrad is an individual who resides in Midland County, Texas. His written consent form to this action is attached hereto as Exhibit "1."

9. The Class Members are all hourly-paid fuel techs and drivers employed by Respondent during any work week three years prior to the time notice is issued to the present.

10. Respondent Sun Coast Resources, Inc. is a domestic for-profit corporation, which does business in Texas. Respondent may be served process through its registered agent as follows: Kathy E. Lehne, 6405 Cavalcade Street Building 1, Houston, Texas 77026.

## FLSA COVERAGE

11. At all material times, Respondent has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Respondent has been an enterprise within the meaning of 29 U.S.C. § 203(r).

13. At all material times, Respondent has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Respondent has and continues to have employees engaged in commerce.

14. Respondent has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

15. At all material times, Claimant was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

16. Fuel Techs and Drivers, like the Claimant and Class Members, are non-exempt employees under the FLSA.

## SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS

17. Sun Coast is one of the fastest-growing fuel and lubricant marketers in the U.S., is licensed in 39 states, and operates out of 17 offices and bulk plant facilities in Texas, Oklahoma and Louisiana. Sun Coast provides high quality fuels, lubricants, chemicals and related programs and services to thousands of businesses and countless agencies throughout America.

18. Claimant is currently employed by Respondent as a fuel tech and driver.

19. Claimant's primary duty consists of fueling equipment for Respondent's customers at a frac site. Respondent required its fuel techs and drivers to connect fuel hoses to equipment on a frac site to provide the necessary fuel.

20. At the beginning of a project, Respondent's fuel equipment is driven from a yard to a frac site by Claimant.

21.     At the conclusion of a project, Respondent's fuel equipment is returned from the frac site to a yard by Claimant.

22.     The majority and a meaningful portion of time fuel techs and drivers spend driving, involves small company owned vehicles that weigh less than 10,000 pounds. Respondent required that Claimant drive to and from the frac site daily using its small company owned vehicles.

23.     Said use of small vehicles included running job errands, carrying work equipment, maintaining and repairing work equipment, and performing other work necessary to service Respondent's customers at a frac site.

24.     Respondent pays its fuel techs and drivers an hourly rate.

25.     In addition to hourly pay, Claimant receives non-discretionary payments including, but not limited to, "per diem" payments, travel pay, "reimbursements," and other remunerations in addition to hourly pay.

26.     These payments were excluded from Claimant's regular rate and overtime rate in violation of the FLSA.

27.     Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek. *See* 29 C.F.R. § 778.217. In other words, the stipend must be an approximation or the actual expense incurred by an employee. Here, because the expenses incurred were for the benefit of Claimant and not the Respondent, and the per diem, reimbursements, and other additional

remunerations are not an approximation of expenses incurred (rather it is a fixed amount not related to actual expenses incurred), monies paid as a "per diem" and other additional remunerations referenced above must be included in the calculation of the regular rate and overtime pay.

28. Section 7(e) of the FLSA requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection. 29 C.F.R. § 778.108. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109. Meaning, all pay associated with fuel tech and driver work as described in this complaint, for example, cannot be treated separately and must be grouped as one for purposes of calculating the regular and overtime rates. Respondent failed to do so as it lists the per diem and other reimbursement-type payments separately on paystubs and calculates the overtime rate solely on what it tracks as "Regular Hours" worked. Consequently, Respondent has violated the FLSA.

29. No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Claimant and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

30. As part of its regular business practices, Respondent has intentionally, willfully and repeatedly harmed Claimant and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

31. Although Respondent permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Respondent has denied them full compensation for their hours worked over forty.

32. Claimant brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all hourly-paid fuel techs and drivers employed by Respondent during any work week three years prior to the time notice is issued to the present.

33. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Claimant since his claims are similar to the claims possessed by Class Members.

34. Claimant has actual knowledge that Class Members working for Respondent throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

35. Claimant is similarly situated to the Class Members. Class Members perform or have performed the same or similar work as the Claimant.

36. Like Claimant, the Class Members were (a) hourly paid and (b) were paid overtime at the incorrect federally mandated premium rate because "per diems," reimbursements and other remuneration were not included in the calculation of their overtime rates.

37. The names and addresses of the Class Members of the collective action are discoverable from the Respondent. To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

38. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

39. The claims of the Claimant and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Respondent to comply with its obligation to legally compensate their employees.

40. As such, the class of similarly situated Class Members is properly defined as follows:

> **All hourly-paid fuel techs and drivers employed by Respondent during any work week three years prior to the time notice is issued to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

41. Claimant incorporates the preceding paragraphs by reference.

42. Respondent violated the FLSA by failing to pay Claimant and Class Members overtime based on the statutory formula provided in the FLSA.

43. For all the time worked in excess of forty (40) hours in individual workweeks, Claimant and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

44. The Respondent violated and continues to violate the FLSA when it failed to pay Claimant and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

45. No exemption provided in the FLSA or recognized by courts authorizes the Respondent to disregard paying overtime to its employees when such overtime is earned.

46. Respondent's failure to pay overtime to Claimant and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Respondent is liable for liquidated damages.

## DAMAGES SOUGHT

47. Claimant and Class Members are entitled to recover their unpaid overtime compensation.

48. Claimant and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

49. For these reasons, Claimant and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. All unpaid wages;

b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e. Such other relief to which Claimant and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
    ROBERT R. DEBES, JR.
    Texas Bar No. 05626150
    bdebes@eeoc.net
    RICARDO J. PRIETO
    Texas Bar No. 24062947
    rprieto@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

ATTORNEYS FOR CLAIMANT
& CLASS MEMBERS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document, along with a copy of the Demand for Arbitration before AAA has been served on the 13th day of March 2017 as follows:

Via Certified Mail/RRR & Email:
Cristina Portela Solomon & Neil Martin
Gardere Wynne Sewell LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
csolomon@gardere.com
nmartin@gardere.com

                                                  */s/ Ricardo J. Prieto*
                                                  Ricardo J. Prieto

## CONSENT TO BECOME A PARTY PLAINTIFF
## SUN COAST RESOURCES WAGE LAWSUIT

Name: ROY CONRAD

1. I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, including negotiating a settlement of my claims, and understand that I will be bound by such decisions, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _Roy Conrad Sr_   (Date Signed) 12-29-2016



PLAINTIFF'S EXHIBIT 1