# EXHIBIT C

ROY CONRAD, Individually and On    AMERICAN ARBITRATION
Behalf of All Others Similarly Situated,   ASSOCIATION
Claimant,

V.

SUN COAST RESOURCES, INC.,
Respondent.         CASE NO. 01-17-0001-5075

### RESPONDENT SUN COAST RESOURCES, INC.'S ORIGINAL RESPONSE AND OBJECTION TO CLAIMANT ROY CONRAD'S ORIGINAL COMPLAINT COLLECTIVE ACTION

Respondent SUN COAST RESOURCES, INC. files its Original Answer and Affirmative Defenses to Claimant Roy Conrad's Original Complaint Collective Action.

### I. SUMMARY OF RESPONDENT'S RESPONSE AND OBJECTION

Respondent Sun Coast Resources, Inc. ("Sun Coast") is in the business of selling and transporting diesel fuel, gasoline, and other refined oil products in multiple states. Claimant is employed by Sun Coast as a frac driver. Contrary to the allegations in Claimant's Complaint [paragraph 18], Sun Coast's records reflect that throughout his employment with Sun Coast, Claimant has and continues to reside in Rosenberg, Texas, **not** in Midland. During the 2-year relevant time period, Claimant would be assigned to travel away from home **to** various locations, where he would be temporarily housed at hotels or other accommodations provided by Sun Coast in order to perform services on behalf of Sun Coast to its customers at their well sites, primarily in West Texas. Specifically, Claimant's primary job duties involve the fueling of equipment at well sites for Sun Coast customers located in Midland, and various frac sites throughout West Texas and South Texas, including, Corpus Christi, San Angelo, Barnhart, Garden City, Ozona and Big Springs.

Prior to January 1, 2016, Sun Coast offered meal per diem to its employees who were required to spend a night out of town away from home at the direction of the company (as

Claimant was) per Sun Coast's Per Diem Policy.  Each overnight stay would entitle the employee to a per diem of $35, which was specifically provided, "to reimburse employees for the cost of meals during business travel, and [was] not intended to cover incidental expenses, lodging, transportation, or any other expenses associated with that travel."[1]

Specifically, this dispute turns on the legal question of whether Sun Coast's per diem payments (which were paid only to employees on out-of-town assignments) should have been included in the regular rate of pay for purposes of calculating overtime compensation. Under the FLSA, whether an employer's reimbursement for expenses incurred for its convenience (such as the cost of meals when an employee is traveling on the employer's behalf) is included or excluded in the regular rate of pay depends on whether the amount paid "reasonably approximates the expenses incurred." 29 C.F.R. § 778.217(a).  If it does, then the payment is considered a reimbursement for expenses (not compensation for hours worked) and is not included as part of the regular rate under 29 U.S.C. § 207(e)(2). The Regulations explain that, "only the actual or reasonably approximate amount of the expense is excludable from the regular rate," and that "disproportionately large" amounts will not qualify for exclusion. 29 C.F.R. § 778.217(c).  "Supper money" is expressly listed as a qualifying expense.  29 C.F.R. § 778.217(b)(4).  Therefore, because the $35.00 per diem payments provided to employees, such as Claimant, conformed to published per diem allowances issued by the federal government, they are properly excludable from the overtime rate, under the FLSA and 29 C.F.R. § 778.217.

Moreover, the controlling legal authorities plainly support Sun Coast's policy of excluding per diem pay from the regular rate of pay because the $35.00 per diem payment intended to reimburse the cost of food and meals for employees traveling out of town on company business is a "reasonable approximation" of the daily expenses incurred for the

---

[1] See Sun Coast's Per Diem Policy, attached here as Exhibit 1.

purchase of food and meals during overnight travel.  In order to measure the reasonableness of its per diem, Sun Coast utilized the objectively reasonable benchmark of the localized per diem rates set by the federal government through the General Services Administration ("GSA") and the Internal Revenue Service ("IRS").  In addition, Sun Coast undertook its per diem policy in good faith, in conformity with, and in reliance on an opinion letter from the administrator of the Wage and Hour Division of the U.S. Department of Labor. A $35.00 per diem for meals for employees traveling out of town on company business is *per se* reasonable as a matter of law.

Sun Coast's per diem allowance was $35.00 a day– a flat rate that was not tied to the number of hours the employee worked, not duplicative of other payments, paid in arrears, and not distributed through payroll, but rather the payment method chosen was Comdata issued debit cards. Sun Coast employees (including the Claimant) were issued Comdata Debit MasterCards, which were reimbursed with per diem funds one week in arrears. Because the funds were reimbursed in arrears for food and meal expenses that the employee had already incurred, the employee could use the funds to offset his previous food and meal costs or otherwise.

Beyond question, these employees incurred actual expenses for food and meals when assigned to work out of town – they had to eat during the days of overnight travel away from home – and the local food sources increased their prices because of the heavy demand from numerous employees of other employers working in the same areas where Sun Coast assigned them to work for its customers.

Because the per diem was an objectively reasonable approximation of the cost of food and meals incurred in connection with overnight travel, Sun Coast was not required to, and did not, include the per diem pay in the employee's regular rate of pay pursuant to Section 207(e)(2) of the FLSA and 29 C.F.R. § 778.217.  (And the affected employees were not required to treat

these amounts as income on their individual tax returns).  Thus, all Sun Coast employees who received the per diem were fully compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA. As a result, the claims brought by Claimant Roy Conrad (whether individually or on behalf of all other similarly situated) fail as a matter of law.

## II.   ANSWER AND DENIAL OF CLAIMANT'S ALLEGATIONS AND OBJECTION TO COLLECTIVE ACTION

Sun Coast generally denies any and all allegations in Claimant Roy Conrad's Original Complaint Collective Action and require that Claimant (individually and alternatively on behalf of all other similarly situated) prove the charges by a preponderance of the credible evidence as is required by the Constitution and laws of the State of Texas. Sun Coast reserves the right to amend and plead further, should such additional pleadings subsequently prove to be either desirable or necessary.  Sun Coast further objects to Claimant's request for arbitration of a collective action.

## III.   AFFIRMATIVE DEFENSES AND/OR AVOIDANCES

1.      With respect to the allegations in paragraphs 25 and 26 of the Complaint, Claimant fails to state a claim upon which relief may be granted.

2.      Sun Coast invokes the defenses, protections and limitations of the FLSA, 29 U.S.C. §201 *et seq*.

3.      Without assuming the burden of proof, Section 7(e)(2) of the FLSA allows for an exclusion from the regular rate when an employer reimburses an employee for expenses incurred in the furtherance of the employer's interests, such as reasonable payment for travel expenses.

4.      Without assuming the burden of proof, 29 C.F.R. § 778.217(b)(4) allows an exclusion from the regular rate when an employer provides "supper money," or a reasonable

amount given an employee to cover the cost of supper in a situation where he or she would ordinarily leave work in time to have supper at home, but instead must remain to work additional hours for the employer's benefit.

5.    Without assuming the burden of proof, a per diem can be objectively reasonable without an exact determination of employees' actual expenses and a side-by-side comparison.

6.    As a matter of law, it is objectively reasonable to measure a per diem's reasonableness by the localized per diem rates set by the federal government through the GSA and the IRS.

7.    As a matter of law, the $35.00 per day reimbursement paid to employees was not "disproportionally large" in comparison to GSA or IRS guidelines.

8.    The applicable arbitration clause does not permit the arbitration to proceed on behalf of or against a class (or collective).

9.    The arbitration should not proceed as a class (or collective) arbitration because those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative, and a lack of a community of interest among the putative class.

10.    The arbitration should not proceed as a class (or collective) arbitration because separate arbitrations are not impracticable, questions affecting only individual members predominate over any questions of law or fact common to the members of the class, and class arbitration is not superior to other available methods for the fair and efficient adjudication of the controversy.

11.    A class (or collective) arbitration should not be maintained considering the

interest of members of the class in individually controlling the prosecution or defense of separate arbitrations, the undesirability of concentrating the determination of the claims in a single arbitral forum, and the difficulties likely to be encountered in the management of such arbitration.

12.    If overtime were owed, which it is not, it would need to be individually determined between the amount reasonably approximate to actual food and meal expenses and the amount not reasonably approximate to actual and determined by the analysis of each work week for each individual on work week basis thus making a collective action impossible to administer.

13.    Sun Coast is entitled to a good faith defense or is excused as a matter of law from non-compliance, if any, with FLSA minimum wage and overtime requirements because Sun Coast undertook its challenged acts or omissions in good faith and in conformity with interpretations from the administrator of the Wage and Hour Division of the U.S. Department of Labor.

14.    Sun Coast subjectively acted in good faith and had reasonable grounds to believe it was not violating the FLSA which permits the denial or reduction of liquidated damages, if any.

15.    In the alternative, Sun Coast is entitled to a set-off or offset for any amounts already paid in wages to which any employee was not entitled, including, but not limited to expressly unauthorized expenses for anything other than expenses for the cost of meals during business travel because the policy required employees to seek reimbursement for only food and meal purchases only.

16.    Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, by his and/or their own acts or omissions.

17.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, by the doctrine of waiver.

18.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, because Sun Coast's actions, if any, were justified.

19.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, because Sun Coast's actions, if any, were in good faith and were not done knowingly, willfully, intentionally, or with malice.

20.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, by the doctrine of estoppel.

21.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) are barred, in whole or in part, because of a failure to mitigate damages.

22.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) claims are barred, in whole or in part, because Claimant Roy Conrad's and/or others have unclean hands.

23.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) claims are barred, in whole or in part, by Sun Coast's full compliance with the FLSA and any applicable state wage-and-hour payment provisions.

24.     Without assuming the burden of proof, Claimant Roy Conrad and all others similarly situated were compensated for all hours worked in excess of 40 hours in any particular workweek (as they themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

25.     Without assuming the burden of proof, Sun Coast complied with all recordkeeping requirements of the FLSA

26.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) claims are barred, in whole or in part, by the statute of limitations.

27.     Claimant Roy Conrad (individually and on behalf of all other similarly situated) is not entitled to any extension of the two-year statute of limitations under the FLSA because Sun Coast did not willfully or intentionally violate the FLSA.

28.     Claimant Roy Conrad's claims (individually and on behalf of all other similarly situated) claims are barred, in whole or in part, by the doctrine of avoidable consequences.

29.     Collective or class action relief is not appropriate because failure to meet the requirements of the American Arbitration Association's Supplementary Rules for Class Arbitrations.

30.     Collective or class action relief is not appropriate because individual liability and damages issues predominate over issues generally applicable to the class or collective action.

31.     When calculating overtime, if any, entitlement to exclusion of aspects of Claimant Roy Conrad (individually and on behalf of all other similarly situated) compensation that are excludable from regular rate of pay under 29 U.S.C. § 207(e).

32.     In the alternative, payments for overtime owed, if any, cannot be calculated at more than one-half of Claimant Roy Conrad (individually and on behalf of all other similarly situated) regular rate of pay for the workweek in which they worked and limited to the amount difference, if any, between the reasonable approximation amount and any excessive per diem amounts for each work week involved.

33.     Claimant Roy Conrad (individually and on behalf of all other similarly situated) is not entitled to attorneys' fees or prejudgment interest, even if they prevail.

34.     To the extent that Claimant Roy Conrad (individually and on behalf of all other

similarly situated) may seek punitive damages, such recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions.

35.     Any award of punitive damages to Claimant Roy Conrad (individually and on behalf of all other similarly situated) would be in violation of the FLSA and the constitutional safeguards provided to Sun Coast under the Constitution of the United States and/or the laws of the State of Texas.

## IV.     PRAYER

**WHEREFORE**, Respondent Sun Coast Resources, Inc. respectfully request that the arbitrator:

1. sustain Sun Coast's objections to Claimant's request for a collective action;

2. preclude this arbitration from proceeding as a class (or collective) arbitration;

3. render judgment that Claimant Roy Conrad (either individually and on behalf of all other similarly situated), take nothing;

4. dismiss the arbitration with prejudice finding that Claimant Roy Conrad (either individually and on behalf of all other similarly situated), take nothing; and

5. grant Respondent Sun Coast Resources, Inc. all other and further relief, at law or in equity, general or special, to which it is justly entitled.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Cristina Portela Solomon*
CRISTINA PORTELA SOLOMON
Texas Bar No. 16143400
csolomon@gardere.com
NEIL MARTIN
Texas Bar No. 13096000
nmartin@gardere.com
JASON SHARP
Texas Bar No. 24039170
jsharp@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

ATTORNEYS FOR RESPONDENT
SUN COAST RESOURCES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on this the 24th day of April, 2017, to:

ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
SHELLIST, LAZARZ, SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile (713) 621-0993
ATTORNEYS FOR CLAIMANT
& CLASS MEMBERS

*/s/ Cristina Portela Solomon*
Cristina Portela Solomon

PAGE 10



Quality Fuels & Lubricants.

# SUN COAST RESOURCES, INC.:
## Travel Policy



SCRI Employee Travel Policy



**PER DIEM**

Employees are allotted a per diem in the amount of $35.00 for each night the employee is required to spend out of town for business purposes. Sun Coast will not pay per diem for travel that does not include an overnight stay. Per diem is provided to reimburse employees for the cost of meals during business travel, and is not intended to cover incidental expenses, lodging, transportation, or any other expenses associated with that travel. Temporary employees are eligible for per diem reimbursement in the amount of $25.00 if their position is classified as "operations."

Per diem is paid to qualified employees seven days in arrears, and is dependent upon proper submission of each per diem request. Each request for per diem must be approved by a manager and submitted to the travel department at traveldepartment@suncoastresources.com. Per diem requests and payments are subject to the following schedule:

1. Tank and Oilfield Transportation Operations employees must submit per diem requests each Monday. Per diem for those employees will be loaded directly onto the employee's company-provided Comdata card each Tuesday.

2. Frac and Mainstream employees must submit per diem requests each Wednesday. Per diem for those employees will be loaded directly onto the employee's company-provided Comdata card each Thursday.

3. Employees traveling for special operations or for short-term trips must submit per diem requests each Tuesday. Per diem for those employees will be loaded directly onto the employee's company-provided Comdata card each Wednesday.

Employees who are provided with a Company credit card are not eligible for per diem.

**COMDATA CARDS**

Operations employees are provided a Comdata card for travel purposes, usually during orientation. The card can be used like any credit card to make purchases, and there are no fees associated with use of the card when accompanied by the employee's signature. It can also be used to pay bills or to make other payments to companies who accept credit cards, although it cannot be used to set up Automatic Payments or Direct Deposits.

Comdata cards may be used at any ATM to withdraw cash, however there is an additional fee of $1.75 for each ATM transaction. Comdata cards may be used as a debit card, but there is an additional fee of $.50 to use the card with the associated pin code. If a Comdata card is lost or stolen, it can be replaced for $1.75. Employees can request a copy of all potential fees associated with Comdata cards or ask questions regarding potential fees by calling the "800" number located on the back of their Comdata card.