IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| **SUN COAST RESOURCES, INC.,** <br><br> Applicant, <br><br> V. <br><br> **ROY CONRAD, Individually and On Behalf of All Others Similarly Situated,** <br><br> Respondent. | **CIVIL ACTION NO. 4:17-cv-03042** |

**CONRAD'S RESPONSE IN OPPOSITION TO SUN COAST'S ORIGINAL APPLICATION TO VACATE OR MODIFY CLAUSE CONSTRUCTION AWARD**

A.   **QUESTION PRESENTED**

The *sole* issue to be decided by this Court is whether or not Arbitrator Crane interpreted the parties' contract when reaching his Clause Construction Award, <u>not</u> whether he construed it correctly. *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2066 (2013). As reflected in his Award, Arbitrator Crane carefully reviewed the arbitration agreement, considered the briefings submitted by the parties, examined the controlling legal precedent, and concluded that the parties agreed to submit to collective action arbitration. As this Court has previously observed:

> "A court will not vacate an award simply because the arbitrator applied the law incorrectly; rather the arbitrator must be aware of a governing principle and choose to ignore it."

*Dealer Computer Services, Inc. v. Hammonasset Ford Lincoln-Mercury, Inc.*, 2008 WL 5378065, at *3 (S.D. Tex. Dec. 22, 2008) (Hughes, J.) (internal citations omitted). Accordingly, this Court should deny Sun Coast's application to vacate and enter the accompanying order confirming the Clause Construction Award.

## B. PROCEDURAL BACKGROUND

Conrad filed suit against Sun Coast with the American Arbitration Association ("AAA") commencing the arbitration styled *Roy Conrad, Individually and On Behalf of All Others Similarly Situated, Claimant v. Sun Coast Resources, Inc., Respondent*, Case No. 01-17-0001-5075 ("the Arbitration") because Sun Coast failed to pay overtime wages in compliance with the Fair Labor Standards Act (FLSA). Thomas J. Crane was selected to serve as arbitrator. On July 27, 2017, Conrad filed a Motion for Clause Construction Determination to Permit Collective Action Arbitration. On August 17, 2017 Sun Coast filed its response in opposition. Thereafter, on September 11, 2017, Arbitrator Crane issued his Clause Construction Award finding that Sun Coast's arbitration agreement specifically authorized collective action arbitration.[1]

Not surprisingly, Sun Coast does not like Arbitrator Crane's decision. Accordingly, on October 11, 2017, Sun Coast filed this suit in hopes of vacating his Award. Conrad moves to confirm it.

## C. LEGAL AUTHORITIES

**1. Judicial review of an arbitration decision is limited to extraordinary circumstances.**

The FAA allows for an arbitration decision to be vacated by a court only in "very unusual circumstances,"[2] where the petitioner is able to show one of the following exclusive grounds under 9 U.S.C. § 10(a):

(1) The award was procured by corruption, fraud, or undue means;

(2) There was evident partiality or corruption in the arbitrators, or either of them;

(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] Dkt. No. 1-6, Ex. F - Clause Constr. Award, at *5 (hereinafter referred to as "the Award").
[2] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

>   (4)   The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008). These limited grounds for judicial review serve the FAA's interest in speedily resolving arbitrable disputes and avoiding "full-bore legal and evidentiary appeals." *Id*. at 587.

Here, the *sole* basis upon which Sun Coast asks this Court to vacate the Clause Construction Award is that Arbitrator Crane purportedly "exceeded his authority" under § 10(a)(4) of the FAA by "imposing collective action procedures *without basing the decision on authorizing language in the arbitration agreement itself*."[3] Sun Coast's argument is disingenuous at best, if not downright misleading. There is absolutely no factual or legal support for Sun Coast to make such a spurious claim. In fact, the Award specifically demonstrates on its face that it was based on authorizing language of the agreement.

Notwithstanding Sun Coast's allegation, the Supreme Court has explained exactly how high a bar a petitioner must meet to overturn a decision under § 10(a)(4):

> A party seeking relief under that provision bears a heavy burden. It is not enough … to show that the [arbitrator] committed an error—or even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits. Only if the arbitrator act[s] outside the scope of his contractually delegated authority—issuing an award that simply reflect[s] [his] own notions of [economic] justice rather than draw[ing] its essence from the contract—may a court overturn his determination. **So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.**

*Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 (2013) (internal quotations omitted) (emphasis added). Thus, the Supreme Court has made clear that an Arbitrator's role is to

---

[3] Dkt. 1, ¶ 19 (emphasis added).

interpret and construe the arbitration contract, and that the courts may not disturb the Arbitrator's decision simply because the Arbitrator made the wrong decision. *Id.* at 2069-71.

> "In sum, Oxford chose arbitration, and it must now live with that choice. Oxford agreed with Sutter that an arbitrator should determine what their contract meant, including whether its terms approved class arbitration. The arbitrator did what the parties requested: He provided an interpretation of the contract resolving that disputed issue. His interpretation went against Oxford, maybe mistakenly so. But still, Oxford does not get to rerun the matter in a court. Under § 10(a)(4), **the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all.** Because he did, and therefore did not 'exceed his powers,' we cannot give Oxford the relief it wants. We accordingly affirm the judgment of the Court of Appeals." *Id.* (emphasis added).

The test enunciated by the Supreme Court in *Oxford* is an "objective one," merely looking at the face of the arbitration award to see if the arbitrator was (even arguably) interpreting the contract. *See, BNSF R. Co. v. Alstrom Transp., Inc.*, 777 F.3d 785, 788 (5th Cir. 2015). As a result, this Court need only look at the face of the arbitration award to see if Arbitrator Crane was (even arguably) interpreting the contract at issue. *Id.* Such evidence from the award may include: "(1) whether the arbitrator identifies her task as interpreting the contract; (2) whether she cites and analyzes the text of the contract; and (3) whether her conclusions are framed in terms of the contract's meaning." *Id.* (citing *Oxford Health Plans*, 133 S.Ct. at 2069). Even a cursory review of the Award confirms that Arbitrator Crane fulfilled his obligations.

### 2. Arbitrator Crane interpreted the contract and applicable law.

On page 4 of his Clause Construction Award, Arbitrator Crane posited this simple question:

> "So, have the parties agreed to submit collective actions to binding arbitration? **Based on a review of the text of the agreement**, they have done so. **The agreement provides** that 'any controversy or claim arising out of or relating to your employment relationship with Sun Coast or the termination of that relationship' must be submitted to arbitration." (Emphasis added)[4]

---

[4] *See*, the Award, page 4.

Moreover, on pages 2 – 3 of his Award, Arbitrator Crane recites specific language from the arbitration agreement in order to illustrate the fact that it includes *any and all* disputes, claims, and causes of action within its scope. *Id*. Arbitrator Crane also recites language from the agreement which reflects that Sun Coast specifically *excluded* several types of claims from the requirement of arbitration, including: (i) workers' compensation claims, (ii) unemployment compensation claims, (iii) a claim by Sun Coast for injunctive relief in regard to alleged unfair competition and disclosure of trade secrets, and (iv) a claim based on appeal of denial of employee benefits."[5]

Arbitrator Crane also identifies his task of interpreting the parties contract and states on page 3 of his Award that the parties have agreed to submit the issue to him for resolution. *Id*.

Finally, Arbitrator Crane's conclusion is framed in terms of the contract's meaning. Specifically, he demonstrates through extensive analysis how Sun Coast (i.e. the drafter of the agreement) chose the words "any and all" claims and causes of action, while on the other hand specifically excluding four types of claims from the scope of the agreement. His decision is thus framed specifically in terms of the contract's meaning and his Award refers specifically to provisions of the agreement itself in support of his decision.

In short, it cannot seriously be argued that Arbitrator Crane failed to review or consider the parties' agreement in making his decision. His Clause Construction Award reflects the contrary. Accordingly, this Court should deny Sun Coast's motion to vacate and enter the accompanying order confirming the Award.

---

[5] *Id*. at page 3.

### 3. Sun Coast does not get a second bite at the apple.

As reflected above, the issue before this Court is not whether Arbitrator Crane's opinion is right or wrong, but simply whether he made a decision based on an interpretation of the arbitration agreement and applicable law. Under any basic, objective examination, there is no doubt that the Arbitrator did as he was requested by the parties and as required by law.

In a case similar to this one where the losing party in an arbitration argued that "misinterpretation" of a contract warranted vacating an arbitration award, the Honorable Judge Hughes held that:

> "The parties bargained for the interpretation of the [Arbitration] panel, not this court. For this reason, the court will defer to a reasonable interpretation of the panel even if it would interpret the contract differently.
> …
>
> Computer cannot now claim the panel exceeded its authority because it disagrees with the panel's interpretation of the contract. Computer and Ford asked the panel to interpret the contract. It did. The panel's interpretation and award are reasonable based upon the facts presented to the panel, and the court will not replace that interpretation with its own. Misinterpretation is not exceeding their warrant; choosing one of two plausible interpretations offered by the parties cannot be error much less renegade."

*Dealer Computer Services, Inc. v. Hammonasset Ford Lincoln-Mercury, Inc.*, 2008 WL 5378065, at *3 (S.D. Tex. Dec. 22, 2008) (Hughes, J.) (internal citations omitted).

As in *Dealer Computer Services, Inc.*, the parties here agreed that Arbitrator Crane should decide the issue of collective action arbitration. The parties submitted their respective briefs and Arbitrator Crane considered the agreement itself, as well as the controlling law, similar awards from other arbitrators considering the issue, and he issued his decision. Arbitrator Crane chose one of at least two plausible interpretations. As the Honorable Judge Hughes correctly explained, "choosing one of two plausible interpretations offered by the parties cannot be error much less renegade." *Id*. For the same reason, Sun Coast's motion should be denied.

**4. This Court should confirm the Award.**

A party may confirm an arbitration award by applying to the United States court in and for the district within which such award was made. 9 U.S.C. § 9. Here, the FAA's jurisdiction is supplemented by federal question subject matter jurisdiction, because the underlying dispute stems from wage claims asserted by Conrad under the FLSA. 28 U.S.C. § 1331; *see also Int'l Bancshares Corp. v. Lopez*, 57 F.Supp.3d 784, 788–89 (S.D. Tex. October 28, 2014) (Kazen, J.) (finding court had jurisdiction to confirm an award permitting collective arbitration).

The Clause Construction Award at the center of this dispute was issued by Arbitrator Crane in Houston, Texas (which is within this District) pursuant to the Arbitration Agreement's venue clause.[6] Therefore, this Court has jurisdiction to confirm Arbitrator Crane's Clause Construction Award.

### D.  CONCLUSION.

The fact that Sun Coast disagrees with Arbitrator Crane's decision is not sufficient grounds to vacate his Award.  He reviewed the arbitration agreement, interpreted its contents, and issued a well-reasoned, written award. In doing so, Arbitrator Crane relied upon the parties' agreement, and well-settled law. There is no legal basis to modify or vacate the award. Therefore, the Court should deny Sun Coast's motion, confirm Arbitrator Crane's Clause Construction Award, and dismiss this matter.

---

[6] Dkt. No. 1-1, Ex. A – Sun Coast Mediation and Arbitration Agreement, at *4.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on November 27, 2017 to all counsel of record as follows:

Cristina Portela Solomon
Jason Sharp
Gardere Wynne Sewell, LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002

*/s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.