UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUN COAST RESOURCES, INC. | § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-03042 |
| ROY CONRAD, Individually and On Behalf of All Others Similarly Situated, | § § § | |

**SUN COAST RESOURCES, INC.'S BRIEF
IN SUPPORT OF VACATING ARBITRATOR'S AWARD**

As requested by the Court at the initial pretrial conference on November 29, 2017, Sun Coast Resources, Inc. ("Sun Coast") files the following brief with factually analogous cases supporting its legal position that the Arbitrator's Clause Construction Award should be vacated because of the Arbitrator's manifest disregard of the law. Specifically, the Arbitrator categorically ignored the rigorous legal standards to be applied in determining whether an arbitration agreement that is silent on the issue of collective action can be rewritten to require collective action arbitration. *See Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010); *Reed v. Fla. Metro. Univ., Inc.*, 681 F.3d 630, 642 (5th Cir. 2012), *abrogated on other grounds by Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013).

There are two cases found that are factually analogous to the present case because they arise in the employment context, involve the identical issue of whether a Fair Labor Standards Act claim can proceed as a collective action in arbitration absent language indicating that the parties agreed to do so, and involve efforts to vacate an arbitrator's decision. *See* EXHIBIT "A". One case finds that the "any dispute" language, similar to the language in the Agreement here, only authorizes the individual who signed the agreement to proceed on an individual basis, but

1

does not authorize arbitration of *any* employee's claims on a collective action basis. These cases give the Court the authority to vacate the Arbitrator's Clause Construction Award because the Arbitrator exceeded his power by categorically ignoring the law.

Factually Similar Cases In Employment Context

*Opalinski v. Robert Half Int'l*, 677 Fed.Appx. 738 (3d Cir. 2017).

David Opalinski ("Opalinski") and James McCabe ("McCabe") were former managers of Robert Half International, Inc. and Robert Half Corp. ("Robert Half"), an international staffing agency. Opalinski and McCabe brought a putative collective action against Robert Half alleging violations of the Fair Labor Standards Act. The district court denied Robert Half's motion to vacate the arbitrator's partial award that Opalinski and McCabe's employment agreements permitted class arbitration. Robert Half appealed. The Third Circuit reversed and remanded. On remand, the district court granted Robert Half's motion to dismiss. Opalinski and McCabe appealed.

In examining the issue of whether the parties' agreements required collective action arbitration, the Third Circuit stated that the Supreme Court has made clear that, "a party may not be compelled ... to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Opalinski*, 677 Fed.Appx. at 741 (citing *Stolt–Nielsen*, 559 U.S. at 684) (emphasis in original). The dispute centered on whether, notwithstanding "silence," the arbitration clauses could still be read to "agree" to collective action arbitration. Following *Stolt-Nielsen*, the Third Circuit held that "silence" in an agreement regarding collective action arbitration generally indicates that it is not authorized by the agreement. *Opalinski*, 677 Fed.Appx. at 741. Also, the Third Circuit noted that several other Circuits, including the Fifth, Sixth, Seventh, Eighth, and Ninth, had likewise stated that "silence" in an agreement regarding

class arbitration generally indicates that it is ***not*** authorized by the agreement. *Id*. (internal citations omitted).

Opalinski and McCabe argued that the clause, "'[a]ny dispute or claim arising out of or relating to Employee's employment' shall be submitted to binding arbitration" is intentionally broad and designed to encompass collective actions. *Id*. at 742. The Third Circuit rejected the argument because it missed a critical point: <u>the agreement specified that the dispute or claim must arise out of or relate to the particular employee's employment, not *any* employee's employment</u>. *Id*. (emphasis added). Further, the Third Circuit recognized the Supreme Court's language in *Stolt–Nielsen* that, "[a]n implicit agreement to authorize class-action arbitration" cannot be inferred "solely from the fact of the parties' agreement to arbitrate." *Id*. at 742 (citing *Stolt–Nielsen*, 559 U.S. at 685). The Third Circuit held that an agreement to authorize a class arbitration cannot be inferred from the "any dispute" language in the agreement.

<u>*Debose v. Smith & Wollensky Rest. Grp., Inc*., 2013 WL 5487939 (S.D. Tex. 2013)</u>.

Peter Debose ("Debose") filed a "Class Action Complaint" before the American Arbitration Association alleging that Smith & Wollensky Restaurant Group, Inc. ("Smith & Wollensky") violated the Fair Labor Standards Act. *Debose*, 2013 WL 5487939, at *1. Debose was a waiter at Smith & Wollensky. Debose sought certification of the arbitration as a class action. Smith & Wollensky objected, arguing that it had not consented to class arbitration.

The arbitrator issued her Partial Final Award on Arbitration Clause Construction. She found that the arbitration clause was silent on the issue of class arbitration. She further found that there was no contractual or other legal basis to conclude that the parties agreed to class arbitration. Thus, the arbitration agreement only allowed for arbitration on an individual claim, not as a class action. Debose filed a Petition to Vacate. Judge Atlas held the arbitrator applied

the law correctly, *i.e.* that a party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. *See id*. at *2 (quoting *Stolt–Nielsen*, 559 U.S. at 684). The arbitrator's award was upheld.

Legal Standards Categorically Ignored By The Arbitrator

The governing law is found in the United States Supreme Court's decision in *Stolt-Nielsen* and the Fifth Circuit's decision in *Reed*.[1]  *See Stolt-Nielsen*, 559 U.S. at 684; *Reed*, 681 F.3d at 642. The Arbitrator categorically disregarded the governing law in impermissibly rewriting the arbitration agreement here to authorize collective action arbitration absent any contractual basis to do so. *See Stolt-Nielsen*, 559 U.S. at 684; *Reed*, 681 F.3d at 642. To allow the Arbitrator's decision ignoring *Stolt-Nielsen* and *Reed* to stand would be a manifest disregard of the law.  Therefore, this Court should vacate the Arbitrator's Clause Construction Award.

---

[1] Sun Coast incorporates its Complaint and all exhibits thereto into this brief.

Respectfully submitted,

GARDERE WYNNE SEWELL LLP

*/s/ Cristina Portela Solomon*
CRISTINA PORTELA SOLOMON
Texas Bar No. 16143400
csolomon@gardere.com
JASON SHARP
Texas Bar No. 24039170
jsharp@gardere.com
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

ATTORNEYS FOR SUN COAST
RESOURCES, INC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on this the 5th day of December, 2017, to:

ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
SHELLIST, LAZARZ, SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile (713) 621-0993
ATTORNEYS FOR CLAIMANT
& CLASS MEMBERS

*/s/ Cristina Portela Solomon*
Cristina Portela Solomon

5