IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| **SUN COAST RESOURCES, INC.,** <br><br> **Applicant,** <br><br> **V.** <br><br> **ROY CONRAD,** <br><br> **Respondent.** | **CIVIL ACTION NO. 4:17-cv-03042** |

### CONRAD'S BRIEF TO DENY SUN COAST'S MOTION TO VACATE[1]

Arbitrator Crane did exactly what the parties asked of him: he decided whether or not the parties agreed to collective action arbitration. He did not exceed the authority given to him by the parties, nor did he manifestly disregard the law. He followed both.

1. Sun Coast agreed that the arbitrator, not the Court, should decide any dispute concerning the arbitrability of a claim or controversy.[2]

2. Sun Coast agreed that "the most efficient and expeditious use of time and resources is *for the Arbitrator* to first decide whether or not this arbitration may proceed as a collective action proceeding prior to addressing the merits" of this dispute.[3]

3. Consistent with these agreements, Conrad filed his motion for clause construction.[4]

---

[1] Conrad incorporates his response to Sun Coast's motion to vacate. (Doc. 7).
[2] Exhibit 1 – which is a copy of the Arbitration Agreement, with all of the non-essential language stripped away.
[3] Exhibit 2.
[4] Doc. 1-4, Exhibit D.

4. Sun Coast responded to Arbitrator Crane by raising the same arguments and relying upon the same cases as it does here – namely, *Stolt-Nielson*, *Opalinski*, *Debose*, and *Reed*.[5]

5. Conrad filed his reply to Sun Coast's response.[6]

6. Arbitrator Crane decided – after reviewing the Arbitration Agreement, the parties' briefing, and the relevant case law -- that the parties had agreed to submit Conrad's collective action to arbitration.[7]

7. Sun Coast got exactly what it bargained for: a decision from the Arbitrator on whether or not the agreement *that it drafted* permitted collective action arbitration.

8. Sun Coast cannot now complain that Arbitrator Crane "exceeded his power" simply because it does not like his decision. That is not the test. And it is not the truth.

9. Rather, the only question for this Court is whether or not Arbitrator Crane interpreted the parties' contract when reaching his Clause Construction Award. *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2066 (2013). *See also*, *Dealer Computer Services, Inc. v. Hammonasset Ford Lincoln-Mercury, Inc.*, 2008 WL 5378065, at *3 (S.D. Tex. Dec. 22, 2008) (Hughes, J.) ("A court will not vacate an award simply because the arbitrator applied the law incorrectly; rather the arbitrator must be aware of a governing principle and choose to ignore it.").

    **A.**    ***OXFORD*** **IS STILL THE LAW**

Sun Coast pins its hope on *Stolt-Nielson*. But *Stolt-Nielson* provides no relief. There the parties stipulated that the arbitration clause was silent with respect to class arbitration and that they

---

[5]Doc. 1-5, Exhibit E.
[6] *See*, Exhibit 3.
[7]Doc. 1-6, Exhibit F.

had not reached an agreement on the issue.[8]  As a result, the Supreme Court held that the arbitrator could not have found a contractual basis for an agreement for class arbitration because the parties had stipulated that they had no such agreement. *Id*. at 687. ("Here, where the parties stipulated that there was 'no agreement' on this question, it follows that the parties cannot be compelled to submit their dispute to class arbitration.").

Three (3) years later, the Supreme Court decided *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064 (2013).  As in this case, the parties in *Oxford* agreed that the arbitrator would decide whether class arbitration was permitted under their agreement.  And he did.  He found that class arbitration was permitted. *Id*. at 2067.  Oxford Health then moved to vacate the arbitrator's decision relying on *Stolt- Nielson* and claiming that he had exceeded his authority under § 10(a)(4) of the FAA.  *Id*. at 2068.

The Supreme Court rejected Oxford Health's challenge and illuminated the fallacy of [Sun Coast's] misinterpretation.

> "But Oxford misreads *Stolt–Nielsen*: We overturned the arbitral decision there because it lacked *any* contractual basis for ordering class procedures, not because it lacked, in Oxford's terminology, a "sufficient" one. <u>The parties in *Stolt–Nielsen* had entered into an unusual stipulation that they had never reached an agreement on class arbitration. In that circumstance, we noted, the panel's decision was not—indeed, could not have been—'based on a determination regarding the parties' intent'</u>…Instead, 'the panel simply imposed its own conception of sound policy" when it ordered class proceedings.  But 'the task of an arbitrator,' we stated, 'is to interpret and enforce a contract, not to make public policy.'  In 'impos[ing] its own policy choice,' the panel "thus exceeded its powers." *Id*. at 2069-70. (Internal citations and quotes omitted)(Emphasis added).

The Supreme Court also distinguished the facts in *Stolt-Nielson* from those in *Oxford*.

> "The contrast with this case is stark.  In *Stolt–Nielsen,* the arbitrators did not construe the parties' contract, and did not identify any agreement authorizing class proceedings. So in setting aside the arbitrators' decision, we found not that they had misinterpreted the contract, but that they had abandoned their interpretive role. Here, the arbitrator did construe the contract (focusing, per usual, on its language),

---

[8] *Stolt-Nielsen, S.A. v. Animal Feeds Int'l Corp.,* 559 U.S. 662, 668 (2010).

and did find an agreement to permit class arbitration. So to overturn his decision, we would have to rely on a finding that he misapprehended the parties' intent. But § 10(a)(4) bars that course: It permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly. *Stolt–Nielsen* and this case thus fall on opposite sides of the line that § 10(a)(4) draws to delimit judicial review of arbitral decisions." *Id.* at 2070.

*Debose* supports Conrad's position and *Opalinski* is inapposite. In *Debose*, the arbitrator interpreted the parties' contract to allow arbitration only on an individual basis, not as a class action.[9] Debose then filed a motion to vacate in district court claiming that, under 9 U.S.C. §10(a)(4), the arbitrator had exceeded her authority. *Id.* After the parties' briefing was completed, the United States Supreme Court issued its decision in *Oxford*. *Id.*

Judge Atlas recognized her limited review of the arbitrator's decision and held:

"As made clear by the Supreme Court in *Oxford Health,* the only inquiry before this Court is whether the Arbitrator interpreted the parties' contract. "Under § 10(a)(4), the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all." *Oxford Health,* 133 S.Ct. at 2017. Because it is clear from her ruling that the Arbitrator in this case in fact interpreted the arbitration clause from the parties' contract, she did not exceed her powers under § 10(a)(4)." *Id.* at 2.

In *Opalinski*, the arbitrator concluded that the parties' agreement permitted class arbitration.[10] The district court then denied the employer's motion to vacate. *Id.* Thereafter, the Third Circuit held that the question of arbitrability of class claims was a question for the court, not the arbitrator.[11] On remand, the employer moved to dismiss the case with prejudice on the basis that the agreements did not permit class arbitration. 677 Fed. Appx. at 740. The district court granted the employer's motion and the employees appealed. The Third Circuit upheld the dismissal because:

---

[9] *Debose v. Smith & Wollensky Rest. Grp., Inc.*, 2013 WL 5487939 at *1 (S.D. Tex. Sept. 30, 2013) (Atlas, J).
[10] *Opalinski v. Robert Half International, Inc.*, 677 Fed. Appx. 738 at 740 (3rd Cir. 2017).
[11] *Opalinski v. Robert Half International, Inc.*, 761 F. 3d 326, 335 – 36 (3rd Cir. 2014), *cert denied*, 135 S.Ct. 1530 (2015).

4

"[t]his Court has already explicitly decided, in a precedential opinion in this same case, that the question of arbitrability of class claims is for the court, not the arbitrator, to decide. We cannot revisit this issue, consistent with our well-established Internal Operating Procedures, which prohibit a panel of this Court from overruling an earlier panel decision." *Id.* (Internal quotes and citations omitted).

*Reed* was abrogated by *Oxford*. No further analysis is warranted.

## CONCLUSION

Arbitrator Crane did not exceed his authority. He did exactly what the parties asked him to do and exactly as the arbitration agreement required of him. He reviewed the agreement, interpreted its contents, cited to the law, and issued a well-reasoned, written award. There is no legal basis to modify or vacate the award. Therefore, the Court should deny Sun Coast's motion, confirm Arbitrator Crane's Clause Construction Award, and dismiss this matter.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP


By: */s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR RESPONDENT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure via ECF notification on December 7, 2017 to all counsel of record as follows:

Cristina Portela Solomon
Jason Sharp
Gardere Wynne Sewell, LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002

*/s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.