UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

December 21, 2018

David J. Bradley, Clerk

| | | |
|---|---|---|
| Sun Coast Resources, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-17-3042 |
| | § | |
| Roy Conrad, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Arbitration

1.     *Introduction.*

   This case arises from an arbitrator's decision allowing a claim under the Fair Labor Standards Act to be arbitrated as a collective action. Roy Conrad and Sun Coast Resources, Inc., jointly allowed the arbitrator to decide if they agreed to a collective action arbitration. The arbitrator decided that they did. Sun Coast is challenging that decision. Sun Coast will lose; the arbitrator's decision stands.

2.     *Background.*

   On November 22, 2013, Sun Coast and Conrad entered into a mediation and arbitration agreement that any employment related claim must be brought before a mediator. If the mediation fails, they must arbitrate.

   In 2017, Conrad filed suit against Sun Coast alleging that it failed to pay him overtime wages, violating the FLSA. Conrad filed the claim on behalf of himself and others similarly situated.

   At the arbitration, the parties filed an agreed scheduling order stating that the arbitrator should first decide whether the arbitration could continue as a collective action. To make this decision, the arbitrator was required to interpret the November 2013 agreement.

3.    *Arbitration.*

The agreement between Conrad and Sun Coast states that the Federal Arbitration Act applies to all proceedings arising from it. The Act allows courts to vacate an arbitrator's decision only in extreme circumstances. An incorrect application of the law is not an extreme circumstance. When a contract's interpretation is at issue, the question is whether the arbitrator rationally interpreted the parties's contract and not whether the arbitrator got the meaning right or wrong.[1]

The agreement between Conrad and Sun Coast lists claims covered under the agreement and claims that are not covered. Collective actions are in neither clause. The parties asked the arbitrator to determine if the contract allowed Conrad to arbitrate as a collective action, or if he could only bring claims for himself.

In his decision, the arbitrator cited to multiple parts of the contract to support his finding in favor of collective action. The arbitrator cited that "any controversy ... must be submitted to arbitration"; the agreement included "any and all disputes"; and he used the statutory interpretation tool that, when there is a list, anything excluded from that list was purposefully excluded, to reinforce his decision.

Under the contract's broad language, it is plausible that the arbitrator is correct. Sun Coast could have included collective action in the "claims not covered" clause. It did not. Rather, the "claims covered" clause says that any dispute about the arbitrability of any controversy or claim is covered. This, arguably, easily includes collective action.

Further, the parties submitted the question of collective action to the arbitrator. The arbitrator made his decision. Sun Coast cannot – successfully – claim that the arbitrator exceeded his authority in answering a question that it asked him to answer just because he ruled against Sun Coast.

4.    *Conclusion.*

Sun Coast and Conrad could have included collective action as a claim that is not covered. They did not. When reading the contract, it is possible that collective action is a covered claim. The arbitrator thinks that it is. This is not a manifest disregard of the law; it is an entirely rational interpretation.

---

[1] *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569, 133 S. Ct. 2064, 2068, 186 L. Ed. 2d 113 (2013).

The arbitrator decided that Roy Conrad may arbitrate a collective action under the employment agreement and this court will not disturb that decision. The request for this court to interfere with that decision will be denied.

Roy Conrad may continue arbitrating as a collective action against Sun Cost Resources, Inc.

Signed December __21__, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge