# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS -
# HOUSTON DIVISION

| | |
|---|---|
| **SUN COAST RESOURCES, INC.,** <br><br> Applicant, <br><br> V. <br><br> **ROY CONRAD, Individually and On Behalf of All Others Similarly Situated,** <br><br> Respondent. | **CIVIL ACTION NO. 4:17-cv-03042** |

## CONRAD'S RESPONSE IN OPPOSITION TO SUN COAST'S MOTION FOR NEW TRIAL[1]

### A. GRASPING AT STRAWS

Sun Coast asks the Court to vacate its *Opinion on Arbitration* (Dkt. 17) and *Final Judgment* (Dkt. 18) for two reasons: (i) the Court, rather than Arbitrator Crane, should have decided the "arbitrability issue," and (ii) Arbitrator Crane exceeded his "contractual mandate."[2] The first argument borders on specious. The second is a re-hash of Sun Coast's failed *Original Application to Vacate or Modify Clause Construction Award* filed with this Court more than fifteen (15) months ago. *See*, Dkt. 1. Both arguments may be summarily dismissed.

### B. SUN COAST CANNOT MEET ITS BURDEN

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Simon v. United States*,

---

[1] Sun Coast's motion is entitled *Motion for New Trial, Motion to Modify Judgment, and Motion to Reconsider Order Confirming Arbitration Award. See,* Dkt. 20. For purposes of this response, Conrad refers to it as the "MFNT".
[2] Dkt. 20, p. 2.

891 F.2d 1154, 1159 (5th Cir. 1990), citing, *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) (citations omitted). Reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Sun Coast has not offered any newly discovered evidence, nor has it demonstrated "manifest error" in this Court's ruling. Accordingly, the Court should deny Sun Coast's motion.

### C. ARBITRABILITY WAS A QUESTION FOR THE ARBITRATOR

#### 1. The Agreement Speaks for Itself

Arbitrator Crane and this Court *both* correctly decided that the Parties' agreed to have the "arbitrability issue" decided by the arbitrator, rather than the Court. The Arbitration Agreement provides:

> *Claims Covered*: This Agreement to submit to mediation and, if necessary arbitration:
>
> i. ***Covers any dispute concerning the arbitrability*** of any such controversy or claim.[3]

The Agreement could not be clearer: ***any*** dispute concerning the arbitrability of a claim (i.e. like a collective action claim which is Conrad's statutory right under the FLSA) is covered by the Agreement and, as such, it is a "covered claim" for the arbitrator to decide. There is no other way to interpret the Agreement.

#### 2. Word Games

Not to be dissuaded by the contract language ***that Sun Coast itself drafted***, Sun Coast challenges us to a word game. In a head-scratcher reminiscent of President Clinton's infamous retort: "It depends on what the meaning of the word 'is' is," Sun Coast *now* claims that the use of the word "such" in the Agreement's language cited above somehow limits the arbitrator's delegated authority to decide only the "arbitrability issue" as it pertains to Conrad's employment

---

[3] *See*, Dkt. 15-1 (emphasis added).

relationship…as opposed to Conrad's right to proceed collectively, which, Sun Coast must concede is Conrad's federal statutory right. This argument, while novel for sure, wholly misses the mark.

As this Court astutely observed, "Sun Coast could have included collective action in the 'claims not covered' clause. It did not. Rather, the 'claims covered' clause says that any dispute about the arbitrability of any controversy or claim is covered. This, arguably, easily includes collection action."[4] This Court (and Arbitrator Crane) got it right. Sun Coast's MFNT should be denied.

### D. SUN COAST'S WAIVER

Even if, assuming *arguendo*, the Agreement did not have a delegation clause, the fact remains that Sun Coast intended for the arbitrator to decide the issue of arbitrability.[5] Sun Coast has waived any argument to the contrary.

Sun Coast never objected to having Arbitrator Crane decide the question -- not in any of its pleadings filed with the AAA, nor in any of its pleadings filed with this Court. Rather, Sun Coast objected to Arbitrator Crane's authority to decide the arbitrability issue for the first time *after* this Court issued its *Opinion on Arbitration* (i.e. when it filed its MFNT on 1/18/19). *Id*.

#### 1. Sun Coast Asked the Arbitrator to Decide

Sun Coast agreed that "the most efficient and expeditious use of time and resources is *for the Arbitrator* to first decide whether or not this arbitration may proceed as a collective action proceeding prior to addressing the merits" of this dispute.[6]

---

[4] Dkt. 17, p. 2.
[5] Sun Coast states in Footnote #1 that "it did not intend to agree that the question was properly decided by [Arbitrator Crane] or to be bound by his decision that he (rather than a court) should decide that question." *See*, Dkt. 20.
[6] *See*, Dkt. 15-2.

3

Thereafter, Sun Coast submitted its Brief and *Response in Opposition to Conrad's Motion for Clause Construction*[7] and argued to the Arbitrator that:

- "The sole issue **to be decided by the Arbitrator** is…whether the parties agreed to authorize collective arbitration in the first place."[8]
- "***The Arbitrator should similarly resolve*** the collective action arbitration issue..."[9]
- "***The Arbitrator should similarly reject*** Claimants' argument here and resolve the collective arbitration issue in favor of prohibiting such arbitration..."[10]

Sun Coast never challenged Arbitrator Crane's authority to decide the "arbitrability issue." To the contrary, Sun Coast specifically requested Arbitrator Crane to deny the relief requested by Conrad. It has waived its objection to his authority to do so now.

### 2. Sun Coast's Original Application to Vacate

Following Arbitrator Crane's Clause Construction Award, Sun Coast filed its *Original Application to Vacate or Modify Clause Construction Award* with this Court on 10/11/17.[11] Again, nowhere in its *Motion to Vacate* did Sun Coast ever argue that Arbitrator Crane lacked the authority to decide the arbitrability issue. Nor did Sun Coast object to Arbitrator's authority to do so. Rather, Sun Coast simply argued that Arbitrator Crane "exceeded his authority" by imposing a collective action without contractual basis.[12]

### 3. Sun Coast's Brief in Support of Vacating Arbitration Award

On 12/5/17, in response to the Court's request for additional briefing, Sun Coast filed its *Brief in Support of Vacating Arbitration Award*.[13] As in all of its previously filed pleadings, nowhere in its *Brief* did Sun Coast ever object to Arbitrator's Crane's authority to decide the

---

[7] *See*, Dkt. 1-5.
[8] *Id*. at p. 1.
[9] *Id*. at p. 6.
[10] *Id*. at p. 12.
[11] *See*, Dkt. 1 (hereinafter "*Motion to Vacate*").
[12] *Id*. at p. 4.
[13] *See*, Dkt. 14 (hereinafter "*Brief*").

arbitrability issue, nor did it argue that the Parties had not delegated the issue to the arbitrator. Rather, Sun Coast simply restated its belief that Arbitrator Crane made the wrong decision in authorizing collective action arbitration. *Id*.

In summary, Sun Coast got exactly what it bargained for and it simply does not like the result. The Arbitration Agreement <u>that Sun Coast drafted</u> delegates the "arbitrability issue" to the arbitrator. In addition, Sun Coast agreed that "the most efficient and expeditious use of time and resources is *for the Arbitrator* to first decide whether or not this arbitration may proceed as a collective action proceeding prior to addressing the merits of this dispute."[14] Arbitrator Crane did just that. Sun Coast never objected to Arbitrator's Crane's authority to do so until it filed its MFNT. It has waived its right to do so now. However, even if it has not waived this issue, the fact remains that the Parties agreed to delegate the issue to the arbitrator, Sun Coast agreed that the arbitrator could decide it, and never challenged this authority until after this Court upheld the arbitrator's decision. Sun Coast's MFNT should be denied.

### E. DELEGATION CLAUSE

In its MFNT, Sun Coast argues *for the first time* that the Agreement does not delegate the "arbitrability issue" to the arbitrator. As reflected above, the Agreement does exactly that. Accordingly, the Court should summarily reject Sun Coast's argument.

Moreover, the Court may also reject this argument because the Parties delegated the arbitrability issue to the arbitrator by incorporating the AAA's Rules as part of their Agreement. Specifically, the Agreement states:

> "The Arbitration will be conducted under the National Rules for Resolution of Employment Disputes of the AAA, as amended and effective on January 1, 2001, as amended."[15]

---

[14] *See*, Dkt. 15-2.
[15] *See*, Dkt. 1-1, p. 4.

5

Federal courts (including the Fifth Circuit) have concluded that an arbitration agreement's incorporation of rules empowering an arbitrator to decide arbitrability and scope issues clearly and unmistakably evidences the parties' intent to allow the arbitrator to decide those issues. *See*, e.g., *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.,* 687 F.3d 671 (5th Cir. 2012) (We agree with most of our sister circuits that the express adoption of these rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); *Arnold v. HomeAway, Inc.*, 890 F.3d 546, 553 (5th Cir. 2018) ("Because the April 2016 Terms expressly incorporate the AAA rules, the parties have clearly and unmistakably demonstrated their intent to delegate."); *Edwards v. DoorDash*, 888 F.3d 738, 746 (5th Cir. 2018) (same); *Fallo v. High-Tech Inst.,* 559 F.3d 874, 878 (8th Cir. 2009) ("[W]e conclude that the arbitration provision's incorporation of the AAA Rules . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator."); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1372-73 (Fed. Cir. 2006) (concluding that agreement's incorporation of AAA rules clearly and unmistakably showed parties' intent to delegate issue of determining arbitrability to arbitrator); *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332-33 (11th Cir. 2005) (holding that by incorporating AAA Rules into arbitration agreement, parties clearly and unmistakably agreed that arbitrator should decide whether arbitration clause was valid); *Contec Corp. v. Remote Solution, Co.*, 398 F.3d 205, 208 (2d Cir. 2005) ("[W]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator."); *CitiFinancial, Inc. v. Newton*, 359 F. Supp. 2d 545, 549-52 (S.D. Miss. 2005) (holding that by agreeing to be bound by procedural rules of AAA, including rule giving arbitrator power to rule on his or her own jurisdiction, defendant agreed to arbitrate questions of jurisdiction before arbitrator); *Sleeper Farms v. Agway, Inc.*, 211

F. Supp. 2d 197, 200 (D. Me. 2002) (holding arbitration clause stating that arbitration shall proceed according to rules of AAA provides clear and unmistakable delegation of scope-determining authority to arbitrator).

Sun Coast's "delegation" argument should be overruled.

### F. SUN COAST'S DEATH RATTLE

In its final hail-Mary attempt to score, Sun Coast now claims that recent Supreme Court precedent mandates a review by this Court of the "arbitrability issue" <u>even when the Agreement delegates that issue to the arbitrator</u>. In fact, the contrary is true. Nevertheless, Sun Coast cites three Supreme Court cases in support of its argument. None reach their mark.

In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995), the Supreme Court held that the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about *that* matter. *Id*. "Did the parties agree to submit the arbitrability question itself to arbitration? If so, then the court's standard for reviewing the arbitrator's decision about *that* matter should not differ from the standard courts apply when they review any other matter that parties have agreed to arbitrate." *Id. citing AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649 (1986) (parties may agree to arbitrate arbitrability); *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 583, n. 7 (1960) (same). "That is to say, the court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances. See, *e.g.,* 9 U.S.C. § 10. If, on the other hand, the parties did *not* agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently. These two answers flow inexorably from the fact that arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration.

See, *e.g., AT & T Technologies, supra,* at 649, 106 S.Ct., at 1418; *Mastrobuono, supra,* at 57-58, and n. 9, 115 S.Ct., at 1216-1217, and n. 9; *Allied-Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 271, (1995); *Mitsubishi Motors Corp., supra,* at 625-626, 105 S.Ct., at 3353.

Similarly, in *Henry Schein, Inc., v. Archer & WhiteSales, Inc.*, No. 17-1272, 2019 WL 122164 *1 (U.S. 2019) the Court held:

> "The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also " 'gateway' questions of 'arbitrability.' " *Id.*, at 68–69, 130 S.Ct. 2772. Therefore, when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless. That conclusion follows also from this Court's precedent. See *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649–650, 106 S.Ct. 1415, 89 L.Ed.2d 648."

Finally, in *New Prime, Inc. v. Oliveira*, 17-340, 2019 WL 189342 (U.S. 2019), the Supreme Court upheld the district court's decision to deny New Prime's motion to compel arbitration – finding that Oliveira performed the type of work that was excepted from coverage of the Federal Arbitration Act. 9 U.S.C. § 1 (emphasis added). The Court did not hold that the district court must always decide the "arbitrability issue" even when the parties have delegated that decision to the arbitrator.

In short, none of the cases cited by Sun Coast support the proposition that this Court should decide the "arbitrability issue" given the language of the Agreement at issue. Accordingly, Sun Coast's MFNT should be denied.

### G. NOW SERVING: RE-HASH, RE-HASH, AND MORE RE-HASH

Finally, Sun Coast argues that Arbitrator Crane exceeded his contractual mandate by, well, ruling against them. Not surprisingly, Sun Coast makes the same arguments in its MFNT that it made in its *Original Application to Vacate* filed more than fifteen (15) months ago.[16] But

---

[16] While Sun Coast cites frequently to the "virtues that Congress saw in arbitration"…"its speed and simplicity and inexpensiveness," Sun Coast is really testing the parameters of those virtues by dragging out the "arbitrability issue" for more than fifteen months – with no end in sight.

8

this Court has considered and overruled those arguments. Therefore, Conrad sees no purpose of reiterating his arguments in opposition here.

Rather, as this Court correctly observed in its *Opinion on Arbitration*:

"When a contract's interpretation is at issue, the question is whether the arbitrator rationally interpreted the parties' contract and not whether the arbitrator got the meaning right or wrong."[17]

Sun Coast's MFNT does not demonstrate "manifest error" nor offer any new evidence to support its claim that Arbitrator Crane exceeded his authority; rather, it simply continues to say that he got it wrong. That is not enough.

## H. CONCLUSION

The Arbitration Agreement specifically delegated the "arbitrability issue" to the arbitrator. The Agreement further incorporated the AAA's Rules – reflecting an unmistakable delegation of authority to the arbitrator to decide the arbitrability issue. Moreover, Sun Coast specifically asked the Arbitrator to decide the issue of arbitrability, and it never challenged his authority to do so until it filed its MFNT. Sun Coast's MFNT should be denied.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR RESPONDENT

---

[17] *See*, Dkt. 17; citing *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 133 S. Ct. 2064, 2068, 186 L. Ed. 2d 113 (2013).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on February 5, 2019 to all counsel of record as follows:

Cristina Portela Solomon
Jason Sharp
Gardere Wynne Sewell, LLP
2000 Wells Fargo Plaza
1000 Louisiana Street
Houston, Texas 77002

Jessica Barger
Raffi Melkonian
Brian Cathey
Wright, Close & Barger, LLP
One Riverway, Suite 2200
Houston, Texas 77056

*/s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.